UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOE NELL JOHNSON, II,

                Plaintiff,

    -against-

VILLAGE OF SOUTHAMPTON, *et al.*,

               Defendants.
----------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
15-CV-2227 (JMA) (SIL)

**APPEARANCES:**

Harriet A. Gilliam, Esq.
P.O. Box 1485
Riverhead, New York 11901
    *Attorney for Plaintiff*

Anne C. Leahy
Devitt Spellman Barrett, LLP
50 Route 111, Suite 314
Smithtown, New York 11787
    *Attorney for Defendants*

**AZRACK, United States District Judge:**

Plaintiff alleges that defendants engaged in various conduct that violated 42 U.S.C. § 1983 ("Section 1983") and state law. Defendants have moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, defendants' motion is granted in part and denied in part.

**I.  BACKGROUND**

Plaintiff was a teacher employed by the Riverhead Central School District (the "District"). (Am. Compl. ¶¶ 8, 116; Hearing Officer's Decision ("HO Decision"), Notice of Motion, Ex. A.) On April 21, 2012, at 3:20 a.m., plaintiff was driving his car when he was stopped on suspicion of driving while intoxicated by defendant Kimberleigh McMahon, a police officer employed by the Village of Southampton (the "Village"). (Am. Compl. ¶¶ 14, 15.) During the stop, another officer,

1

defendant James Moore, arrived on the scene. (Id. ¶ 24.) During the stop, Officer McMahon searched plaintiff's glove compartment and found a loaded handgun. (Id. ¶ 34.) Plaintiff alleges that when McMahon told him that she had found his weapon in the car, he did not know what she was talking about. (Id. ¶ 32.) Plaintiff also alleges that he "did not own the weapon, did not possess the weapon and had never exercised any control over the weapon[,] as supported by DNA evidence that did not find his fingerprints on the weapon." (Id. ¶ 37.)

Plaintiff was charged with two counts of criminal possession of a weapon and violations of the New York State Vehicle & Traffic Law, including driving while intoxicated. (Id. ¶ 38; HO Decision at 3.) Plaintiff alleges, inter alia, that, during the criminal investigation and proceedings, Officers McMahon and Moore, along with another officer, defendant Gregory Cornell, engaged in various forms of misconduct, including testifying falsely and giving false statements about the events of April 21, 2012 and their subsequent investigation. Plaintiff also alleges various misconduct by supervisory officials in the police department and officials of the Village government, including the Mayor.

The Suffolk County District Attorney's Office eventually determined that the search of plaintiff's vehicle was illegal and dismissed the weapons charges. (Am. Compl. ¶¶ 58–60.) Plaintiff ended up pleading guilty to driving while intoxicated. (HO Decision at 16.)

After the criminal proceedings ended, the District brought disciplinary charges against plaintiff and sought his termination pursuant to N.Y. Education Law § 3020-a. (HO Decision.) Specifically, the District alleged that plaintiff "operated a motor vehicle while intoxicated and was in possession of . . . a .45 caliber handgun for which he did not have a license to possess." (Id. at 4.) A hearing was held before a Hearing Officer during which Officers McMahon and Moore testified, and recounted their version of events. (Id. at 6–8).

At the hearing, plaintiff testified in his own defense and offered the following testimony. Plaintiff maintained that he was not aware that there was a gun in his vehicle. (Id. at 12.) Plaintiff also asserted that, a few days after his arrest, his attorney learned that the owner of the gun was Diana Alvarez, the fiancée of plaintiff's friend, Daryl Jacobs. (Id.) Both Alvarez and Jacobs lived in Ohio. According to plaintiff, when he confronted Alvarez about the gun found by the police, she told him that she had mistakenly left the gun in the glove compartment of his car. (Id.) Plaintiff testified that he had visited Alvarez and Jacobs in Ohio on April 12, 2012 and that he had let Alvarez borrow his car to move some of her personal belongings. (Id.) Plaintiff maintained that he did not use that car again until the night of his arrest and that he never opened the glove compartment. (Id.) Alvarez testified via telephone and insisted that when she borrowed plaintiff's car she put the gun in the glove compartment for safekeeping, but forgot about it and that plaintiff had no idea the gun was there. (Id. at 13.)

Alvarez, however, also provided a contradictory written statement to police officers in which she stated that plaintiff found the gun upon returning to New York, and that they were planning on having her come to New York to pick it up from plaintiff, but she was unable to do so. (Id. at 14.) Alvarez's written statement also indicated that plaintiff told her that he would put the gun in a safe that he had at his house. (Id. at 14.)

The Hearing Officer credited the officers' testimony and Alvarez's written statement, and sustained the charges against plaintiff, finding that plaintiff knew about, and possessed the gun, and did so while driving intoxicated. (Id. at 16–19.) Based on those facts, the Hearing Officer sustained plaintiffs' termination. Plaintiff sought, unsuccessfully, to vacate the Hearing Officer's determination in state court. (State Court Decision, Notice of Mot. Ex. B.)

## II.  DISCUSSION

### A.  Motion to Dismiss Under Rule 12(b)(6)

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege sufficient facts "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).  Mere labels and legal conclusions will not suffice. Twombly, 550 U.S. at 555.  In reviewing a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006).

The plausibility of each of plaintiff's causes of action are addressed below.

### B.  First Cause of Action – Illegal Search

Plaintiff's first cause of action alleges that defendants violated the Fourth Amendment by conducting an unlawful search of his vehicle.  Defendants move to dismiss this claim, arguing that: (1) the Second Circuit's decision in Townes v. City of New York, 176 F.3d 138 (2d Cir. 1999), precludes plaintiff from recovering any damages stemming from his arrest and prosecution; and (2) based on plaintiff's factual allegations, he cannot plausibly allege that he suffered any compensable damages from the search.  Although Townes severely restricts the damages plaintiff could recover on this claim, that is not a basis to dismiss this claim in its entirety. See Davenport v. Cty. of Suffolk, No. 99-CV-3088, 2007 WL 608125, at *6–7 (E.D.N.Y. Feb. 23, 2007) (denying summary judgment on unreasonable search claim and explaining that "[u]nder Second Circuit law, [plaintiff] is entitled to a trial even if he is only able to recover slight or nominal damages")

## C. **Seventh Cause of Action - Conspiracy**

The Seventh Cause of Action in the Amended Complaint alleges conspiracy under 42 U.S.C. § 1985 ("Section 1985").

Defendants move to dismiss this allegation, arguing that plaintiffs failed to allege a viable Section 1985 conspiracy claim. Defendants also argue that plaintiff's conspiracy claim is precluded by collateral estoppel based on the factual findings made by the Hearing Officer.

In his opposition brief, plaintiff abandons his Section 1985 conspiracy claim and seeks leave to replead this claim as a Section 1983 conspiracy claim. In support of this request, plaintiff cites, generally, to the "Obstruction of Justice" factual allegations found in Paragraphs 61–75 of the Amended Complaint as well as the factual allegations set forth in the Seventh Cause of Action. (See Pl.'s Mem. at 11.) Plaintiff never identifies the precise Section 1983 claims that underlie his Section 1983 conspiracy claim.

Defendants respond that Paragraphs 61–75 cannot be the basis for a Section 1983 conspiracy claim. Defendants argue that the Hearing Officer's findings preclude any conspiracy claim and that, in any event, the intracorporate conspiracy doctrine precludes any conspiracy claim premised on allegations that the police officers provided false and fabricated statements.

Because plaintiff has abandoned his Section 1985 conspiracy claim, that claim is dismissed. And, as explained below, the Court concludes that plaintiff's proposed Section 1983 conspiracy would be futile. Accordingly, the Court denies plaintiff leave to amend his complaint to add a Section 1983 claim.

Under his Seventh Cause of Action, plaintiff alleges the following:

116. Upon information and belief, Defendants McMahon, Moore and Cornell conspired with the Riverhead Central School District, its agents and employees to deprive Plaintiff of his due process rights to a fair disciplinary hearing under Section 3020-a of the New York Education Law, by giving false testimony at

5

> Plaintiff's employment disciplinary hearing brought by the Riverhead School District that they had probable cause to search Plaintiff's vehicle and that Plaintiff was found to be in possession of a loaded handgun, and further by releasing sealed records of the dismissed criminal weapons charge to agents of the District, thereby resulting in Plaintiff's dismissal from his employment with the District.
>
> 117. Upon information and belief, Defendants McMahon, Moore and/or Cornell met with Representatives from the Riverhead Central School District to discuss how they could make the weapons charge stand in the disciplinary proceeding, after the Suffolk County District Attorney had dismissed the weapon charge.

(Am. Compl. ¶¶ 116–17.)

Defendants argue that the allegation that the officers falsely testified that plaintiff was found in possession of a loaded handgun is precluded by collateral estoppel.

"[A]t a 3020-a Hearing, determinations are made in a quasi-judicial capacity, see N.Y. Educ. Law § 3020-a(4); thus, the factual findings rendered therein are given preclusive effect provided the parties had a full and fair opportunity to litigate." Garcia v. Yonkers Bd. of Educ., No. 15-CV-0767, 2018 WL 4007648, at *5 (S.D.N.Y. Aug. 21, 2018) (citation omitted), appeal filed, Sept. 12, 2018 (No. 18-2699); see also Washington v. New York City Dep't of Educ., --- F. App'x ----, No. 17-3776-CV, 2018 WL 3342324, at *2 (2d Cir. July 9, 2018). When the factual findings of a 3020-a Hearing Officer are given preclusive effect, they "preclude Plaintiff from arguing facts to the contrary." Garcia, 2018 WL 4007648, at *5 (citing Matusick v. Erie Cty. Water Auth., 757 F.3d 31, 49 (2d Cir. 2014)).

Additionally, the Court can consider the Hearing Officer's Decision since "'[i]t is well established that a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6),' including Section 3020-a proceeding awards." Pincus v. New York City Department Of Education, No. 16-CV-5253, 2017 WL 10187671, at *3 (E.D.N.Y. Nov. 30, 2017) (quoting Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 75 (2d Cir. 1998)).

Plaintiff argues that collateral estoppel does not preclude his constitutional claims because

6

those constitutional claims were not (and could not) be litigated in the 3020-a hearing. This argument misses the point. Defendants do not contend that, under res judicata or collateral estoppel, plaintiff's constitutional claims are precluded by the Hearing Officer's decision because those constitutional claims were, or could have been, litigated in the 3020-a hearing. Rather, defendants argue that plaintiff cannot pursue his conspiracy claim because the factual allegations underlying that claim are precluded by the Hearing Officer's contrary findings.

Plaintiff's factual allegation that the officers falsely testified at the disciplinary hearing that plaintiff was "found to be in possession of a loaded handgun" is precluded by the Hearing Officer's determination that plaintiff knowingly possessed a loaded gun. Thus, plaintiff's conspiracy claim premised on that allegation is precluded. However, the Court cannot dismiss plaintiff's conspiracy claim in its entirety on the basis of collateral estoppel because the alleged conspiracy is not premised solely on allegations that the officers falsely testified about plaintiff being in possession of a loaded gun. Although other factual allegations in the Amended Complaint might be precluded by additional findings made by the Hearing Officer, defendants have not argued that any other such findings are entitled to preclusive effect. Accordingly, the Court cannot find that collateral estoppel renders plaintiff's proposed amendment entirely futile.

Nevertheless, plaintiff's proposed Section 1983 conspiracy claim is futile on other grounds. Nothing in plaintiff's Amended Complaint alleges a plausible conspiracy between the defendant police officers and the District concerning the officer's alleged false testimony. Paragraph 116's conspiracy allegations between the officers and the District are conclusory. Plaintiff has also not alleged a plausible conspiracy involving the District based on his clam that "Defendants McMahon, Moore and/or Cornell met with Representatives from the Riverhead Central School District to discuss how they could make the weapons charge stand in the disciplinary proceeding,

7

after the Suffolk County District Attorney had dismissed the weapon charge." (Am. Compl. ¶ 117.)  Plaintiff does not allege that anyone at the District was aware that the officers were going to testify falsely at the hearing.[1]  And, it was not unlawful for the District to try to "make the weapons charge stand in the disciplinary proceeding."

In addition to alleging a conspiracy to present false testimony, Paragraph 116 also alleges that the police officers and school officials conspired to violate plaintiff's due process rights by releasing sealed records of the dismissed criminal charges.  Plaintiff's opposition brief makes no effort to defend this allegation on merits.  Although not raised by defendants, the Court notes that plaintiff pursued a similar claim in a related suit that plaintiff brought against the District and employees of the District.  In that case, the Honorable Denis R. Hurley dismissed plaintiff's Section 1983 claim premised on the disclosure of sealed records.  See Johnson v. Riverhead Cent. Sch. Dist., No. 14-CV-7130, 2015 WL 6438788, at *5 (E.D.N.Y. Oct. 21, 2015).  For the reasons stated in Judge Hurley's decision, the Court finds that plaintiff has not alleged a plausible Section 1983 claim concerning the disclosure of the sealed records.  Accordingly, plaintiff's Section 1983 conspiracy claim premised on that underlying violation also fails.

The only remaining Section 1983 conspiracy claim that plaintiff is pursuing appears to be on based on a purported conspiracy amongst the police officers to commit various acts of

---

[1] To the extent that plaintiff is alleging that the officers testified falsely about the "legality" of the search, (Am. Compl. ¶ 64), the Court also fails to see how any "false" testimony about a legal conclusion—such as whether the officers "had probable cause" or needed a search warrant—can give rise to a Section 1983 due process claim (or a related conspiracy claim).  Cf. Bertuglia v. Schaffler, 672 F. App'x 96, 101 (2d Cir. 2016), cert. denied, 138 S. Ct. 78 (2017) (rejecting fabrication of evidence claim against investigator because investigator's "opinions about [the plaintiff's] potential wrongdoing did not constitute evidence"); Randolph v. Metro. Transportation Auth., No. 17-CV-1433, 2018 WL 2943744, at *7 (S.D.N.Y. June 12, 2018) (granting summary judgment on fair trial claim because officer's allegedly fabricated assertions in summons that plaintiff had engaged in "disorderly conduct" and made "unreasonable noise" were "characterizations of behavior, reflecting an officer's qualitative assessment" not "descriptions of facts that could constitute fabricated evidence," and also because such "conclusory descriptions" would not be likely to influence a jury.).

misconduct.[2] However, the intracorporate conspiracy doctrine precludes plaintiff's claims that the officers conspired with each other. See Hartline v. Gallo, 546 F.3d 95, 99 (2d Cir. 2008) ("[U]nder the intracorporate conspiracy doctrine, officers, agents and employees of a single corporate entity are legally incapable of conspiring together."). "[A]n exception to the intracorporate conspiracy doctrine exists when the alleged conspirators are motivated by an improper personal interest separate and apart from that of their principal." Nollah v. Tietjen, No. 17-CV-634, 2018 WL 4636847, at *5 (S.D.N.Y. Sept. 27, 2018) (quoting Chamberlain v. City of White Plains, 986 F. Supp. 2d 363, 388 (S.D.N.Y. 2013)). This exception applies "where law enforcement allegedly exercises official duties in unconstitutional ways in order to secure personal benefit." Id. (quoting Alvarez v. City of New York, No. 11-CV-5464, 2012 WL 6212612, at *3 (S.D.N.Y. Dec. 12, 2012). Here, however, plaintiff has not alleged that the conspirators were motivated by an improper personal interest.

Thus, for the reasons stated above, plaintiff's Seventh Cause of Action is dismissed and plaintiff's request for leave to amend to add a Section 1983 conspiracy claim is denied as futile.

## D. Sixth Cause of Action

### 1. Overview of Plaintiff's Allegations

Plaintiff's Sixth Cause of Action is confusing, and appears to allege multiple discrete claims under a single cause of action. The entirety of Plaintiff's Sixth Cause of action is quoted below:

---

[2] Plaintiff's opposition brief implies, without any further elaboration, that he has a viable Section 1983 conspiracy claim premised on Paragraphs 61–75 of the Amended Complaint, in which various allegations are set forth under the heading titled "OBSTRUCTION OF JUSTICE" in the Amended Complaint's "FACTUAL ALLEGATIONS" section.

9

## SIXTH CAUSE OF ACTION
## CORNELL, MOORE AND MCMAHON

> 109. Plaintiff repeats and realleges the allegations in Paragraphs 1 through 108 as fully set forth herein.
>
> 110. Defendants McMahon, Moore and Cummings acted in violation of Village of Southampton Police Department policies and in violation of New York State Criminal Procedure Law and in violation of Plaintiff's rights under the Fourth Amendment to the U.S. Constitution by causing Plaintiff to be submitted to an unlawful search of his vehicle, by using the fruits of the illegal search against Plaintiff resulting in his indictment on a weapons charge which was ultimately withdrawn by the Suffolk County District Attorney's Office and subsequently dismissed by Suffolk County Judge Hudson.
>
> 111. Defendants McMahon, Moore and Cornell knowingly gave false testimony before the Suffolk County Grand Jury, the Southampton Village Court, and before Plaintiff's employment disciplinary hearing with his former employer Riverhead Central School District, and suppressed evidence, stating that Plaintiff was knowingly in possession of an illegal weapon, when all along they knew that the weapon had been purchased and properly registered by Ms. Alvarez, that the weapon had not been involved in the commission of any crime and that DNA testing concluded that Plaintiff's fingerprints were not on the weapon. Defendant Cornell also suppressed evidence by refusing to release Plaintiff's vehicle, which would have established that Plaintiff was not on the phone when he was stopped by McMahon.
>
> 112. Defendants McMahon, Moore and Cornell also made false reports as to evidence obtained during the search of Plaintiff's vehicle falsely stating that the weapon was not in a box in the glove compartment, when its owner, Ms. Alverez testified that the weapon was in a box and that the box was locked.
>
> 113. Defendants McMahon, Moore and Cornell engaged in misconduct which deprived Plaintiff of the use and enjoyment of his vehicle which was unlawfully impounded for 20 months and never released to him.
>
> 114. As a result of Defendant McMahon's, Moore's and Cornell's deliberate Misconduct and violation of P Plaintiff's Due Process Rights, Plaintiff has experienced a loss of his vehicle, his personal property and has experience emotional and physical Injuries.

(Am. Compl. ¶¶ 109–114.)

Thus, Paragraph 110 alleges a Fourth Amendment violation concerning the search of plaintiff's vehicle that is duplicative of Count One. On the other hand, Paragraph 114 alleges

10

unspecified violations of plaintiff's "Due Process Rights." Paragraphs 111 through 113 appear to be the specific allegations in support of this purported Due Process violation. Additionally, plaintiff's Amended Complaint also includes a section of factual allegations entitled "OBSTRUCTION OF JUSTICE," which alleges various acts of misconduct by McMahon, Moore, and Cornell, including allegations that they testified falsely and fabricated evidence.

In their opening brief, defendants seek to dismiss plaintiff's Sixth Cause of Action, arguing that plaintiff's Fourth Amendment claims are precluded by Townes. Defendants' opening brief, however, does not address the due process allegations in plaintiff's Sixth Cause of Action.

On the first page of his opposition brief, plaintiff argues that defendants failed "to move to dismiss any cause of action associated with Plaintiff's obstruction of justice claim" (including plaintiff's Sixth Cause of Action), and asks that the Court deem defendants to have waived their right to move with respect to those claims. (Pl.'s Mem. at 1.)

Defendants' reply brief does not address plaintiff's argument concerning his "obstruction of justice" claim and, again, says nothing about the due process allegations in plaintiffs' Sixth Cause of Action.

Because defendants have not advanced any arguments for dismissal of plaintiff's Sixth Cause of Action, defendants' motion to dismiss the Sixth Cause of Action is denied.[3]

### E. Third Cause of Action – Procedural and Substantive Due Process

Plaintiff's Third Cause of Action alleges that defendants violated his rights to procedural due process. Plaintiff argues there was a "standardized process" for conducting retention hearings

---

[3] As explained in the context of plaintiff's conspiracy claim, the Hearing Officer's determination that plaintiff knowingly possessed a loaded gun (and did so while driving intoxicated) has preclusive effect and bars plaintiff from arguing facts to the contrary. This factual finding, however, does not preclude all of the factual allegations underlying plaintiff's Sixth Cause of Action and, as noted above, defendants have not advanced any arguments concerning the due process allegations in plaintiff's Sixth Cause of Action or plaintiff's "obstruction of justice" allegations.

11

and releasing impounded vehicles, and that defendants "deliberately ignored" that "standardized process," (Pl.'s Mem. at 9), which resulted in him being unable to recover his vehicle once the weapon charges were dismissed.

As the Second Circuit has explained,

> When reviewing alleged procedural due process violations, the Supreme Court has distinguished between (a) claims based on established state procedures and (b) claims based on random, unauthorized acts by state employees. In the latter case, the Due Process Clause of the Fourteenth Amendment is not violated when a state employee intentionally deprives an individual of property or liberty, so long as the State provides a meaningful postdeprivation remedy. When the deprivation occurs in the more structured environment of established state procedures, rather than random acts, the availability of postdeprivation procedures will not, ipso facto, satisfy due process.

Hellenic Am. Neighborhood Action Comm. v. City of New York, 101 F.3d 877, 880 (2d Cir. 1996) (citations omitted).

Plaintiff's procedural due process claim must be dismissed because the deprivation at issue occurred because of "random, authorized acts by state employees." Id. This deprivation was not pursuant to an established state procedure—rather, as plaintiff himself alleges, this deprivation was in contravention of the "standardized process" that the officers were supposed to follow. (Pl.'s Mem. at 9.) Furthermore, plaintiff had recourse to an Article 78 proceeding, which constitutes an adequate post-deprivation remedy—a point that plaintiff does not contest. Accordingly, plaintiff's procedural due process fails to state a claim.

Plaintiff's brief also argues that he has a viable substantive due process claim. As defendants point out, the Amended Complaint does not allege a substantive due process claim. In any event, amendment to add such a count would be futile. Plaintiff argues that the Village has a policy of not addressing civilian complaints of police misconduct and that this violates substantive due process. Plaintiff, however, has not plausibly alleged that the Village has such a policy. The

mere fact that plaintiff filed multiple complaints about the police stemming from his own arrest and prosecution, and that plaintiff received no response, is insufficient to plausibly allege a policy of not addressing complaints. Moreover, not only does plaintiff fail to cite to any cases finding a substantive due process claim in any similar circumstances, but it is clear that a failure to investigate civilian complaints of police misconduct does not violate substantive due process. See Hayes v. Cty. of Sullivan, 853 F. Supp. 2d 400, 433 (S.D.N.Y. 2012) ("[C]ourts in the Second Circuit have long held that an individual has no constitutionally protected right to an investigation by government officials of alleged wrongdoing by other government officials."); Harrington v. Cty. of Suffolk, 607 F.3d 31, 35 (2d Cir. 2010) (rejecting due process claim because plaintiff did not have a constitutionally protected interest in an adequate police investigation); see also Vinyard v. Wilson, 311 F.3d 1340, 1356 (11th Cir. 2002) (holding that plaintiff did not have a substantive due process claim based on the failure of the Sheriff's Office to investigate her excessive force complaint); Stringer v. Doe, 503 F. App'x 888, 890–91 (11th Cir. 2013) (rejecting substantive due process claims against sheriff and deputy sheriff "because [plaintiff] did not have a substantive due process right to an internal investigation by the Sheriff's Department or law enforcement"). Thus, any amendment adding this substantive due process claim would be futile.

### F. Monell Claims

A municipality such as the Village of Southampton may be liable under Section 1983 only if the "plaintiff proves that action pursuant to official . . . policy of some nature caused a constitutional tort." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978); see also Patterson v. Cnty. of Oneida, 375 F.3d 206, 226 (2d Cir. 2004). Thus, to impose liability on a municipality, the plaintiff must prove that a municipal policy or custom caused a deprivation of the plaintiff's rights. See Wimmer v. Suffolk Cnty. Police Dep't, 176 F.3d 125, 137 (2d Cir.

1999).

> To establish the existence of a policy or custom, a plaintiff must allege:
>
> (1) a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by government officials responsible for establishing municipal policies which caused the alleged violation of the plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a 'custom or usage' and implies the constructive knowledge of policy-making officials; or (4) a failure by official policy-makers to properly train or supervise subordinates to such an extent that it amounts to deliberate indifference to the rights of those with whom municipal employees will come in contact.

Jones v. Westchester Cty. Dep't of Corr. Med. Dep't, 557 F. Supp. 2d 408, 417 (S.D.N.Y. 2008) (citation omitted).

"Normally, 'a custom or policy cannot be shown by pointing to a single instance of unconstitutional conduct by a mere employee of the [municipality].'" Ackridge v. Aramark Corr. Food Servs., No. 16-CV-6301, 2018 WL 1626175, at *11 (S.D.N.Y. Mar. 30, 2018) (quoting Newton v. City of New York, 566 F. Supp. 2d 256, 271 (S.D.N.Y. 2008); see also DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998) (internal quotation marks and citation omitted).

Plaintiff's Monell allegations are all conclusory and fail to allege any plausible Monell claims.

Plaintiff asserts in conclusory fashion that the Village failed to train and supervise its police officers concerning the rules and procedures of effectuating a legal search incident to an arrest. Such conclusory allegations are insufficient to state a plausible failure to train claim. See Ortiz v. Parkchester N. Condo., No. 16-CV-9646, 2018 WL 2976011, at *9 (S.D.N.Y. June 13, 2018) (dismissing Monell claim where none of plaintiff's factual "allegations provide[d] any details with respect to what Defendant PNC's training programs were, who developed or administered them, or what the deficiencies were.").

Plaintiff also argues that he has plausibly pled deliberate indifference based on the

Village's failure to investigate his numerous complaints of police misconduct and failure to discipline the officers involved. These allegations, however, fail to state a plausible Monell claim. Plaintiff relies on Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 479 (E.D.N.Y. 2002), but that case is inapposite. In Davis, the municipality received six complaints about multiple incidents involving a single officer. Id. at 479. Here, all of plaintiff's complaints were self-generated and concerned a single arrest and prosecution. The Village's failure to investigate allegations of misconduct and to discipline officers stemming from a single arrest and prosecution are insufficient to plausibly allege that the Village was deliberately indifferent. Moreover, as explained earlier in the discussion of plaintiff's substantive due process claim, the Village's failure to investigate the complaints filed by plaintiff are insufficient to plausibly allege the Village has a policy of not investigating complaints.

### G. Plaintiff's State Law Claims

Plaintiff's Second Cause of Action alleges that the Village was negligent in hiring, training, disciplining, and retaining the defendant police officers. Plaintiff's Fifth Cause of Action alleges that certain supervisory officers were negligent in their supervision of Officers Cornell, Moore, and McMahon.[4]

Under New York law, an employer can only be held liable for negligent hiring, negligent retention, or negligent supervision, if "the employer knew or should have known of the employee's propensity for the conduct which caused the injury." Kenneth R. v. Roman Catholic Diocese of Brooklyn, 229 A.D.2d 159, 161, 654 N.Y.S.2d 791 (N.Y. App. Div. 2d Dep't 1997); see also Ortiz,

---

[4] At one point, plaintiff's opposition appears to imply that he is alleging negligence claims against defendants Cornell, Moore, and McMahon for failing to follow department policies and protocol. (Pl.'s Mem. at 16.) The Amended Complaint, however, does not contain any cause of action alleging negligence by these officers, and plaintiff has not sought leave to amend to raise such claims.

15

2018 WL 2976011, at *10.  To prevail on such a claim, the plaintiff must, generally, also "establish that the employee was acting outside the scope of his or her employment."  Ortiz, 2018 WL 2976011 (quoting Gray v. Schenectady City Sch. Dist., 927 N.Y.S.2d 442, 446 (N.Y. App. Div, 3d Dep't 2011).  A plaintiff can only pursue a negligent retention or hiring claim against an employer "when punitive damages are sought based upon facts evincing gross negligence in the hiring or retention of an employee."  Coville v. Ryder Truck Rental, Inc., 30 A.D.3d 744, 744–45, 817 N.Y.S.2d 179 (2006)

The Court agrees with defendants that these causes of action must be dismissed because plaintiff has failed to plausibly plead that the Village or any of the supervisory defendants knew or should have known that the police officers had a propensity for any of the alleged misconduct at issue.  For example, nothing in the Amended Complaint indicates that any of the officers had previously engaged in any misconduct or that the Village had received any prior complaints about these officers.  Although the Amended Complaint alleges that the Village "illegally appointed Defendant McMahon and her initial provision appointment was invalid under the Suffolk County Civil Service Law," (Am. Compl. ¶ 92), this is insufficient to show establish that the Village or the supervisory defendants were negligent in hiring McMahon.  The fact that McMahon's hiring may have violated the civil service law does not indicate that anything in her background suggested she was unfit to be a police officer.

Plaintiff maintains that he has viable negligence claims because, in his view, he has plausibly alleged that these defendants were grossly negligent.  This argument is meritless.  The Amended Complaint does not plausibly allege negligence, never mind gross negligence.

Finally, plaintiff's Fourth Cause of Action alleges that the Village's Trustees, Mayor, and Administrator were negligent in failing to respond to plaintiff's complaints of police misconduct.

16

Defendants argue that this claim must be dismissed because plaintiff has not plausibly alleged that these defendants owed plaintiff a duty to investigate his complaints and that any breach of such a duty caused plaintiff's injuries. The Court agrees and dismisses this claim. Plaintiff does not even respond to defendants' arguments about this claim.

## H. Declaratory Judgment

Plaintiff seeks a declaratory judgment that "the dismissal of Plaintiff's criminal charges constituted a finding and application of non-guilt." (Am. Compl. at 24–25.) Plaintiff, however, does not cite to any authority indicating that it is appropriate, under any circumstances, for a court to issue a declaratory judgment that the dismissal of certain "criminal charges constituted a finding and application of non-guilt."

In any event, plaintiff's declaratory judgment claim fails because "[a] plaintiff seeking injunctive or declaratory relief cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he or she will be injured in the future." Deshawn E. by Charlotte E. v. Safir, 156 F.3d 340, 344 (2d Cir. 1998). Plaintiff argues that he meets this standard because "he is not solely claiming injury as to a past action or treatment, but in looking forward, is asserting that it is likely that he will be subjected to similar treatment in the future in terms of the failure to address his complaints under the Villages [sic] policies and customs." (Pl. Mem. at 19.) This argument makes no sense because the declaratory judgment plaintiff seeks has nothing to do with the Village's alleged failure to address his complaints. Accordingly, plaintiffs' request for a declaratory judgment is dismissed.

## I. Leave to Amend

Although plaintiff generally requests leave to amend, plaintiff does not identify any ways in which he would amend his complaint to cure the deficiencies addressed above. Accordingly,

17

leave to amend is denied.

### III. CONCLUSION

For the reasons stated above, defendants' motion to dismiss is granted in part and denied in part. All of plaintiff's claims are dismissed with the exception of plaintiff's First and Sixth Causes of Action.

**SO ORDERED.**

Dated: September 30, 2018
       Central Islip, New York

                                           /s/ (JMA)
                                     JOAN M. AZRACK
                                     UNITED STATES DISTRICT JUDGE